By the Court.—Sedgwick, Ch. J.
I am of opinion that the order appealed from should be reversed. The defendant Day, in bringing the action against the plaintiff, exercised a legal right. The action should not be stayed, unless the plaintiff discloses some equity in its favor.
/ There is no such equity as is based upon principles that sustain actions of interpleader or in that nature. For the alleged perplexity as to the defendant to whom the right, supposed to be in question, belongs, or the danger of being obliged to satisfy the claims of opposing parties, has not arisen without fault on plaintiff’s part, but has arisen from an act done voluntarily and advisedly by itself. Its duty towards defendant Day, not to issue a certificate of his shares to another without authority, was absolute. When it did, it is supposed that it was in possession of all the proofs that were necessary to show without doubt that its action was justified: If it omitted any care or caution, or did not use means it legally might, the consequences *138 should equitably fall upon itself. The plaintiff should not now seek a determination as to whether it was right or wrong, by compelling Day to litigate with the other parties. Indeed, there could be no such litigation, for first and last, so far as Day is concerned, the litigation would be between him and the plaintiff.
In accordance with like considerations, a party charged with a tort in the conversion of property, cannot, except a statute provide for it, interplead the person making the charges with others claiming adversely to him, under whom the party charged acted.
There is not shown to be any danger of vexatious actions or suits in the proper sense of that term. In fact, the complaint does not show that those defendants whose claims are alleged to be at variance with the claim of Day, threaten the plaintiff with any suit whatever. Those defendants are in possession. They are content with things as they are. Perhaps the contingency may never arise, that would make it for their interest to bring any action. They certainly would not bring any action if the plaintiff can justify its action in transferring its shares, and as has been said, it is legally bound to be prepared to justify if it can. It would seem that there could arise no litigation, until the plaintiff is forced to the position of having violated a duty as to Day. Therefore, there is no equity based upon the avoidance of a multiplicity of actions, if that of itself constituted an equity, which it does not.
I am of opinion also that the supposed differences or anticipated issues, between the plaintiff and the various defendants, are not ad idem. The plaintiff has, and under the complaint will have the stock, shares in which belong either to Day or to some of the other defendants. The defendants do not claim that stock, and the plaintiff claims no interest in the shares. Thedefendant- Day makes only the claim that the plaintiff shall return to him as his property, the certificate' which the plaintiff took when it transferred his shares apparently, *139 and shall recognize him as shareholder. The other defendants may, at some time, resist the plaintiff’s refusing to recognize them as shareholders, or its endeavor to cancel their certificate of ownership. The issues, whenever made, will not regard the same thing, although a controlling piece of evidence may be the falsity or genuineness of Day’s signature to the authority to transfer. I therefore think that the complaint is multifarious.
The order should be reversed, with costs.
O’Gorman and Ingraham, JJ., concurred.